WILLIAM A. COOPER, RESPONDENT, *v.* THE DENVER & RIO GRANDE RAILROAD COMPANY, APPELLANT.

1. INSTRUCTIONS.—WITHDRAWAL OF ISSUE OF FACT FROM JURY.— In an action for salary where the plaintiff introduces letters from defendant in which the employment was admitted and the plaintiff's claim allowed, it is not error for the court to charge the jury that "the defendant company admits the employment and also acknowledges that they owe him for these two months, in their correspondence." King, J., *dissenting.*

2. REVIEW ON APPEAL.—QUESTION NOT RAISED BELOW.—An objection that letters sought to be introduced in evidence were written with a view to a compromise, cannot be first raised on appeal.

3 (*Dissenting opinion* per King, J.)—PROVINCE OF COURT AND JURY.—WITHDRAWAL OF ISSUE OF FACT FROM JURY.—WRITTEN INSTRUMENTS COLLATERALLY IN EVIDENCE.—Where one of the principal points of controversy at the trial was whether plaintiff was employed by defendant during the month of February, 1891, and the evidence construed most favorable to plaintiff's contention is still conflicting and uncertain, it is error for the court to withdraw this issue from the jury, or, in effect, to instruct the jury to find the issue for the plaintiff. And where letters are put in evidence to prove a disputed extrinsic or collateral fact, or as admissions thereof, however positive and unequivocal they may be for that purpose, yet it is error for the court to construe the legal effect of the letters or to withdraw the fact they tend to prove from the jury, or to instruct the jury, in effect, to find the issue for the plaintiff; as it is the province of the jury, since the letters are not "dispositive instruments," to interpret what they mean, what they admit and what inference of fact is to be drawn from them.

(No. 541. Decided January 28, 1895. 39 P. R. 478.)

APPEAL from the District Court of the Third Judicial District.   Hon. George W. Bartch, *Judge.*

Action by William A. Cooper against the Denver & Rio Grande Railroad Company to recover a balance due for salary.   There was a verdict for plaintiff, and from an order denying a new trial, defendant appeals.   *Affirmed.*

Mr. *E. D. R. Thompson* and Messrs. *Bennett, Marshall & Bradley,* for appellant.

Mr. *Frank Pierce,* for respondent.

MERRITT, C. J.:

In this case the plaintiff sued to recover a balance due him for salary while in the employment of the defendant in its express business in Salt Lake City.   The defendant claimed that plaintiff was not employed during the month of February, 1891, and also set up a counterclaim against the plaintiff, alleging that a shortage amounting to $444.9 occurred in the company's Salt Lake office while plaintiff was in its employment, through the negligence of the plaintiff.   The jury rendered a verdict for plaintiff for the full amount of his claim.   A motion for a new trial was made and overruled.   From the order overruling the motion for a new trial, defendant appeals.

The defendant claims that the court erred in charging the jury that " it appears that he [the plaintiff] went into their [defendant's] employment about the 1st of November, 1890, and remained there until the last of February, 1891.   Attorney for defense (interrupting):   Last of January.   The Court:   According to the plaintiff's claim he remained there until the last of February, 1891."   This was a statement by the trial court of the position taken by plaintiff.   The court did not state this as a fact proved. The jury was not misled.

It is claimed that the court erred in charging the jury that " the defendant company admits the employment, and also acknowledges that they owe him for these two months, in their correspondence." The plaintiff testified that he worked for defendant the full month of February. Plaintiff was allowed to introduce his exhibits without objection. These exhibits were letters received from the superintendent of the defendant company, in which the employment is admitted, and in which the full salary is allowed. Defendant claims on the appeal that these letters were written with a view to a compromise. No objection was made to this introduction of the exhibit on this ground. Furthermore, there is no evidence in the record tending to contradict the statements of the court contained in this charge to the jury. It is also claimed that the plaintiff was responsible for the shortage in the office. This fact was controverted. Plaintiff had two superiors over him. He acted under their direction. He was not responsible for the business methods of the office. The record shows that he performed his duties faithfully. At least the jury thought so. The evidence was conflicting. The jury decided this issue for the plaintiff. This court will not disturb the decision. We see no error in the record. The judgment of the lower court is affirmed with costs.

SMITH, J., concurs.


KING, J. *(dissenting):*

With the opinion submitted in this case by my brothers I do not fully agree. One of the principal points of controversy at the trial was whether or not during the month of February, 1891, the plaintiff was in the defendant's employ. This issue was sharply presented by the pleadings. In his direct examination plaintiff testified that he worked in the express office *for* the defendant during the

months of November, December, January, and February, but upon cross-examination he stated that he "transferred his office" and "turned over the duties" thereof to his successor on the 31st day of January. Placing the construction upon plaintiff's entire testimony that is most favorable to his contention, it is still a question of great uncertainty, and cannot easily be determined, whether his services extended over the month of February. The only other evidence offered which in any manner tended to establish plaintiff's claim that he rendered services during February consisted of two letters purporting to have been written by the manager of defendant's express company, and which were addressed to plaintiff. These communications pointed out plaintiff's incompetency, and detailed the losses occurring in the office under his superintendence, and the manner in which they occurred. But the paramount purpose seems to have been to secure a compromise, and an adjustment of the amount which it was conceded plaintiff's office was short. And, though this language occurs in one of the letters: "As there seems to be some question as to allowing your salary for the month of February, we conclude to allow same, and apply it upon your shortage; therefore $79.50 was deducted from the amount charged in this office, leaving $238.76,"—still it cannot be construed as a clear and unqualified admission that plaintiff was actually engaged in defendant's service during that month; and the inference is fairly deducible from it, and all that is contained in the letters is that a compromise was sought, and a balance of the shortage account desired. The trial court, with this evidence before it, charged the jury that "the defendant company admits the employment, and also acknowledges that they owe him for these two months in their correspondence."

In view of the fact that this defendant denied specific-

ally the employment during February, and the uncertain and doubtful testimony of plaintiff upon that point, and also the further fact that whatever statements found in the letters were susceptible of different construction, and could easily have been interpreted to mean that defendant desired to adjust and compromise an unsettled balance, and for that purpose was willing to concede the salary for one month, it seems to me that an issue of fact was clearly presented, which ought to have been submitted to the jury. The instructions of the court withdrew this question from the jury, and, in effect, directed them to find the issue in favor of the plaintiff. But if it be conceded that a positive and unequivocal admission of employment for February can be wrung from the letters above referred to, it seems to me that even then the jury should have passed upon the question, and, under proper instructions, determined what the letters did admit. The letters were clearly not dispositive instruments, and the rule is that: "Where a writing thus put in evidence is not a dispositive instrument, but is merely offered for the purpose of showing an extrinsic fact, it will be for the jury to say what inference of fact is to be drawn from it. The reason is that the question which arises in such a case is not the proper interpretation of a writing which disposes of the rights of the parties, but what effect the writing shall have as evidence of a collateral fact." 1 Thomp. Trials, § 1098. "The most authentic documents, when offered for such purpose, become no more than mere letters or a written correspondence, which, when offered in evidence to prove a fact, are always to be interpreted by the jury." *Primm* v. *Harem,* 27 Mo. 211. I think the court erred in not permitting the jury to pass upon the disputed question whether plaintiff was employed during February, and in interpreting the letters collaterally in evidence. Defendant's counterclaim was fairly submitted to the jury,

who found for the plaintiff, and with the opinion of the majority of the court upon this point I concur. In view of the fact that what I deem an error could, in any event, prejudice the defendant only to the extent of one month's salary, to wit, $80, I think the order of the court should be that the plaintiff consent to a remission of this amount, or, if he declines, that a new trial be granted.